## PETTUS MOORE v. THE STATE.

*No. 2868.    Decided February 19.*

**1.    Theft.—Charge of the Court** which, in effect, rested the right of the defendant to acquittal upon the sufficiency of the evidence to show him innocent of the fraudulent taking of the alleged stolen property, was error. The charge should have directed acquittal unless the jury believed from the evidence that the accused *did* fraudulently take the stolen property.

**2.    Same.**—The defense relied upon was that the accused, in good faith, received the alleged stolen property from one T., as the agent or bailee of T.   Such defense being supported by evidence on the trial, the charge of the court should have explicitly instructed the jury that if T. delivered the property to the defendant, and the defendant did not participate in the theft of the same as a principal, he could not be convicted of theft although T. had stolen the property, and although he may have known at the time he received it that T. had stolen it.   See the statement of the case for an instruction upon the question held insufficient, and for a special charge requested to supply the deficiency, which, being correct, should have been given.

**3.    Same—Evidence.**—The trial court admitted evidence of the contemporaneous theft of other property than that involved in the trial, and instructed the jury in regard thereto as follows:   "The defendant is on trial for the theft of E. A. Gresham's horse, and you will give no attention to the testimony about the slicker and saddle as evidence to show the theft of the horse.   The said testimony can only be considered by you, if at all, for what you may deem it worth as tending to show the intent of defendant, in whatever action you may find from the evidence was done by him, if any."   *Held*, correct.

APPEAL from the District Court of Johnson.    Tried below before Hon. J. M. Hall.

The conviction was for horse theft, and the penalty was a term of five years in the penitentiary.

The charge of the court referred to in the second head note reads as follows:   "If you believe from the evidence that the witness Talbot took, as explained in the second paragraph of this charge, the animal and de-

livered the same to the defendant, then you will acquit the defendant, unless you shall believe from the evidence that the defendant did participate in said taking as principal as hereafter explained."

The refused special instruction referred to in the same head note (No. 2) reads as follows: "You are instructed that if the witness Talbot delivered the horse in question to the defendant as his horse, and that defendant received him as such, and took him to Arkansas, then you are instructed that defendant would not be guilty, even though the witness Talbot stole the horse from E. A. Gresham. You are further instructed that unless you believe from the evidence beyond a reasonable doubt that the witness Talbot did not deliver the horse in question to the defendant as his horse, you should find the defendant not guilty."

*Poindexter & Padelford,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—An exception was reserved by defendant to the sixth paragraph of the charge, which paragraph is as follows: "If you believe that the defendant did not, either alone, or as principal as above explained, fraudulently take, as explained in the second paragraph of this charge, the animal described in the indictment, then you will find him not guilty."

We think the exception is well taken. Said paragraph of the charge required the jury before they could find the defendant not guilty to believe that he was innocent, whereas they should have been instructed that they should not find him guilty unless they believe from the evidence that as a principal he *did* fraudulently take the animal. Smith v. The State, 9 Texas Ct. App., 150; Robertson v. The State, Id., 209; Blocker v. The State, Id., 279; Wallace v. The State, Id., 299.

Defendant's defense was that one Talbot delivered the horse to him, said Talbot claiming the same as his property, and requested defendant to take said horse with him to Arkansas, where defendant was going, and keep the same for him, Talbot, until he called for him; and that he, defendant, received said horse from said Talbot in good faith, believing the same to be Talbot's property, and carried the same to Arkansas. This defense was supported by evidence, and demanded a plain, direct, and affirmative instruction from the court, that if Talbot delivered the horse to the defendant, and defendant did not participate in the theft of the same as a principal, he should not be convicted of the theft of said horse, although Talbot had stolen the same, and although defendant at the time he received the same may have known that Talbot had stolen it.

It was, we think, the intention of the learned trial judge to instruct the jury upon this vital issue, but we do not think the charge contains such instructions as the defendant was entitled to under the evidence.

Defendant reserved exceptions to the charge given upon said issue, and requested special instructions which would have cured the errors complained of, but the court refused to give them, and defendant reserved exceptions.    We think the court erred in refusing to give the special instructions requested by the defendant.

We think the testimony as to the theft of a saddle and slicker, which theft occurred about the same time and in the same neighborhood of the theft of the horse, was admissible, and that the charge of the court limiting the purpose of such testimony was sufficient.    Willson's Crim. Stat., secs. 1295, 2496.

Because of the specified errors in the charge of the court, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*


Hurt, J., absent.